F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

AUG 10 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01324-OES

KENNETH L. YORK,

    Plaintiff,

v.

JUANITA A. McCULLEY,
DEPT. OF DEFENSE,
U.S. SECRET SERVICE,
CENTRAL INTELLIGENCE AGENCY,
FEDERAL BUREAU OF INVESTIGATION, and
DEPT. OF JUSTICE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff Kenneth L. York initiated this action by filing *pro se* a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On July 26, 2005, Mr. York filed an amended complaint on the proper form. The court must construe the amended complaint liberally because Mr. York is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. York will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Mr. York and has determined that the amended complaint may be dismissed because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. York fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. York fails to assert clearly any claims against the named Defendants, he fails to specify the constitutional right or rights that allegedly have been violated, and he fails to assert clearly the relief he seeks in this action. Although the amended complaint must be construed liberally, the court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. York should be given an opportunity to file a second amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. York file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. York, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. York fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 10 day of August, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01324-OES

Kenneth L. York
Reg. No. 09396-084
USP – Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** and two copies of the **Prisoner Complaint** to the above-named individuals on 8/10/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk